**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 11-10559 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00032-RCJ-RAM-1 |
| v. | |
| **DAMEN ANTHONY DAVIS**, | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued and Submitted August 10, 2012
San Francisco, California

Before:    **CALLAHAN** and **WATFORD**, Circuit Judges, and **SINGLETON**, Senior District Judge.[**]

Davis contests the revocation of his supervised release based on his failure

to participate in and successfully complete a residential substance abuse program.

Davis was terminated from the New Frontiers substance abuse treatment program

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

on his first day there after fighting with his roommate. Davis argues the district court applied the incorrect standard of self defense when evaluating Davis's testimony about the fight.

The district court incorrectly stated the standard for self defense. Had Davis been charged with committing a new crime—assault—as the basis for revoking his supervised release, the district court's misstatement would have been error. But Davis was not charged with a new crime. Rather, the government sought to revoke Davis's supervised release because of his failure to complete a residential drug treatment program. The real question before the court was thus not whether Davis acted in self defense; instead, the district court needed to decide whether Davis's expulsion from New Frontiers constituted a violation of a condition of his supervised release and whether the seriousness of that violation justified revoking his release. *See United States v. Ramirez*, 347 F.3d 792, 800 (9th Cir. 2003) (citing *Morrissey v. Brewer*, 408 U.S. 471, 479-80 (1972)); *United States v. Comito*, 177 F.3d 1166, 1169-70 (9th Cir. 1999) (noting *Morrissey* extends to the supervised release context).

Viewing the record as a whole, we cannot say that the district court abused its discretion in deciding to revoke Davis's supervised release. The district court's

findings on the seriousness of Davis's violation were supported by sufficient evidence, which revealed that Davis came to the program with a "poor attitude" that led to a series of conflicts throughout the course of the one day he spent there, ultimately culminating in the fight with his roommate. As a result of these problems, New Frontiers deemed Davis a "program failure." The district court did not clearly err in finding that Davis was at least partially responsible for that failure, even if Davis believed he fought with his roommate only in self defense.

It is more troubling that the district court revoked Davis's supervised release without specifically finding that he could not fulfill the conditions of his release by enrolling in a different drug treatment program. The only evidence that Davis could not enroll in a different program is an out-of-court statement from Davis's probation officer, who stated in Davis's warrant petition that New Frontiers would not recommend Davis to other programs. She also stated in the petition that, because of behavior Davis exhibited on his first day, the probation office had "little resources" to find him an alternate placement. However, there was no evidence the office took any efforts to find Davis a new placement beyond the day the petition was written.

Davis did not challenge below, and does not challenge on appeal, the evidentiary basis for the district court's implicit finding that his behavior at New Frontiers was so poor that no other treatment program would accept him. For example, Davis could have invoked his right to cross-examine his probation officer on her out-of-court statements that went to the disputed issue of whether or not Davis could successfully complete another program. *See Comito*, 177 F.3d at 1170. Because this issue is not properly before us, we do not address it.

**AFFIRMED.**